## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

| | | |
|---|---|---|
| **NATIONAL LLOYDS INSURANCE** | § | |
| **COMPANY, AmGUARD INSURANCE** | § | |
| **COMPANY, AND AEGIS SECURITY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| Plaintiffs, | § | **ADVERSARY NO. _____** |
| | § | |
| v. | § | |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ,** | § | |
| **LTD., KMHJ MANAGEMENT** | § | |
| **COMPANY, LLC, WESTERN** | § | |
| **INTERNATIONAL GAS &** | § | |
| **CYLINDERS, INC., AND** | § | |
| **MATHESON TRI-GAS, INC.,** | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Watson Grinding & Manufacturing Co. (the "Debtor") files this Notice of Removal of the

state court action styled *National Lloyds Insurance Company, AmGuard Insurance Company, and Aegis Security*

*Insurance Company vs. Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., KMHJ, Ltd., KMHJ*

*Management Company, LLC, Western International Gas & Cylinders, Inc., and Matheson Tri-Gas, Inc.,* Cause

No. 2020-38656, pending in the 55th Judicial District Court of Harris County, Texas (the "State Court

Action").

1

## I.      Procedural Background and Nature of Suit

1.      On June 29, 2020, National Lloyds Insurance Company, AmGuard Insurance Company, and Aegis Security Insurance Company (collectively, the "Plaintiffs") filed an Original Petition (the "Original Petition") against Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., KMHJ, Ltd., KMHJ Management Company, LLC, Western International Gas & Cylinders, Inc., and Matheson Tri-Gas, Inc. (collectively, the "Defendants").   In their Original Petition, the Plaintiffs assert claims of negligence (on behalf of the listed Insureds) against the Defendants.

2.      On February 6, 2020 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

## II.      Basis for Removal

3.      This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

4.      The State Court Action was initiated after the commencement of the Chapter 11 Case. This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2). *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

5.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

6.      Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under

section 1334 of this title"). The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court. The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

7.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11"). The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case. In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

8.      The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor. The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

9.      Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III.      Core or Non-Core Bankruptcy Jurisdiction

10.      This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C) and (O). The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

11.     Upon removal of the State Court Action, the Debtor consents to the entry of final orders or judgment by the bankruptcy judge.

### IV.     Parties and Notice

12.     Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 55th Judicial District Court of Harris County, Texas.

13.     In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

Doyen Sebesta & Poelma, LLLP
Randall J. Poelma, Jr.
4 City North
16945 Northchase Drive, Suite 1400
Houston, Texas  77060

**ATTORNEYS FOR PLAINTIFFS**

### V.     Process and Pleadings

14.     Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided to this Court.

15.     In the State Court Action, no citations have been requested.

16.     In accordance with Bankruptcy Rule 9027(c), the Debtor will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Debtor notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated:  June 30, 2020.

Respectfully submitted,

JONES MURRAY & BEATTY, LLP

By: /s/ Ruth Van Meter
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
4119 Montrose Blvd,  Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com

PROPOSED SPECIAL COUNSEL FOR JANET
S. NORTHRUP, CHAPTER 11 TRUSTEE OF
WATSON GRINDING & MANUFACTURING
CO.

AND

HughesWattersAskanase, LLP

By: /s/ Wayne Kitchens
Wayne Kitchens
Texas Bar No. 11541110
Heather McIntyre
Texas State Bar No. 24041076
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone:  (713) 759-0818
Facsimile:  (713) 759-6834
wkitchens@hwa.com
hmcintyre@hwa.com

PROPOSED COUNSEL FOR JANET S.
NORTHRUP, CHAPTER 11 TRUSTEE OF
WATSON GRINDING & MANUFACTURING
CO.

AND

**McCOY LEAVITT LASKEY LLC**

By:  _/s/ Michael I. Ramirez_
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX  78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**COUNSEL FOR WATSON GRINDING & MANUFACTURING CO.**

## CERTIFICATE OF SERVICE

I certify that on June 30, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and on July 1, 2020, via first class mail (without attachments) to the following:

Doyen Sebesta & Poelma, LLLP
Randall J. Poelma, Jr.
4 City North
16945 Northchase Drive, Suite 1400
Houston, Texas  77060

**ATTORNEYS FOR PLAINTIFFS**

_/s/ Ruth Van Meter_
Ruth Van Meter

# EXHIBIT A

**Harris County Docket Sheet**

# 2020-38656

**COURT:**    055th

**FILED DATE:**  6/29/2020

**CASE TYPE:**   Other Injury or Damage



---

### NATIONAL LLOYDS INSURANCE COMPANY

#### Attorney: POELMA, RANDALL J.

### vs.

### WATSON VALVE SERVICES INC

---

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |

6/29/2020 2:15 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44116698
By: Maria Rodriguez
Filed: 6/29/2020 2:15 PM

CAUSE NO. _____

| | | |
|---|---|---|
| NATIONAL LLOYDS INSURANCE COMPANY, AmGUARD INSURANCE COMPANY and AEGIS SECURITY INSURANCE COMPANY | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs* | § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KHMJ, LTD, KHMJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC. and MATHESON TRI-GAS, INC. | § § § § § § § § | |
| *Defendants* | § | _____ JUDICIAL DISTRICT COURT |

---

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

COME NOW Plaintiffs, **NATIONAL LLOYDS INSURANCE COMPANY, AmGUARD INSURANCE COMPANY and AEGIS SECURITY INSURANCE COMPANY** (hereinafter referred to as "Plaintiffs" or "Insurers") complaining of Defendants, **WATSON VALVE SERVICES, INC. WATSON GRINDING AND MANUFACTURING CO., KHMJ LTD, KHMJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC. and MATHESON TRI-GAS, INC.** and in support of their causes of action shall show unto this Court as follows:

### DISCOVERY CONTROL PLAN

1.      Plaintiffs request that this matter be governed under a Level 3 discovery control plan and the Court enter a docket control order for this matter.

---

Certified Document Number: 91115980 - Page 1 of 11

## CLAIM FOR RELIEF

2.      Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000.

## PARTIES

### A.      Introductory Statement

3.      Plaintiffs are foreign insurance companies that, at all times relevant hereto, provided insurance policies that insured, among other things, real and personal property damaged in the January 24, 2020 explosion at defendants Watson Valve Services, Inc.'s and Watson Grinding and Manufacturing Co.'s facility (the "Facility") located at 4525 Gessner Road, Houston, Texas. A majority of the Plaintiffs named in this petition insured multiple properties that sustained damages as a result of the explosion. As such, Plaintiffs have listed each first-party claim submitted as a result of the explosion.

### B.      Plaintiffs

4.      Plaintiffs:

a.      National Lloyds Insurance Company ("NLIC") is a Texas insurance company that, at all times relevant hereto, provided a policy of insurance that insured, among other things, the real and personal property located at the following loss locations with the associated named insured as listed in the policy:

| No. | Insured's Name | Loss Location | Claim Paid To Date |
|-----|----------------|---------------|--------------------|
| 1. | Julio and Maria DeMendiola | 4509 Terrace Manor Drive Houston, TX 77041 | $   37,889.35 |
| 2. | Tony Thao Pham | 4341 Talina Way Houston, TX 77041 | $   44,557.55 |
| 3. | Norma Valdez | 4819 Kentwalk Drive Houston, TX 77041 | $   12,350.79 |

b.      AmGUARD Insurance Company ("AmGUARD") is a foreign insurance company

Certified Document Number: 91115980 - Page 2 of 11

authorized to conduct business in Texas, and, at all times relevant hereto, provided a policy of insurance that insured, among other things, the real and personal property located at the following loss locations with the associated named insured as listed in the policy:

| NO. | Insured's Name | Loss Location | Claim Paid To Date |
|---|---|---|---|
| 1. | Osvaldo Enamorado | 4553 Hollow Hook Road Houston, TX 77041 | $    5,335.12 |
| 2. | Ricardo Lozano | 10314 Richmond Hill Drive Houston, TX 77041 | Pending |
| 3. | Dong Dinh Vu | 4423 Durban Drive Houston, TX 77041 | $    2,531.33 |
| 4. | Denny Le | 4802 Shadowdale Drive Houston, TX 77041 | $    2,525.98 |
| 5. | Ashley Davey | 4810 Misty Shadows Drive Houston, TX 77041 | $    1,784.96 |
| 6. | Jaime Saiguero | 4401 Talina Way Houston, TX 77041 | $   34,387.89 |
| 7. | Gonzalo Fisher | 10320 Rockcrest Drive Houston, TX 77041 | $    2,946.20 |

c.       Aegis Security Insurance Company ("Aegis") is a foreign insurance company authorized to conduct business in Texas and, at all times relevant hereto, provided a policy of insurance that insured, among other things, the real and personal property located at the following loss locations with the associated named insured as listed in the policy:

| NO. | Insured's Name | Loss Location | Claim Paid To Date |
|---|---|---|---|
| 1. | Bryan Vargas | 4910 E. Fallen Bough Houston, TX 77041 | $    8,089.43 |
| 2. | Mirna Mundo | 1006 Ivy Oaks Lane Houston, TX 77041 | $   14,190.06 |
| 3. | I Jen Chang | 10507 White Fawn Drive Houston, TX 77041 | $    7,236.31 |
| 4. | Cruz Rodriguez | 10518 North Newpark Drive Houston, TX 77041 | $    9,517.06 |
| 5. | Elia Estrada | 10614 Brookshire Lane Houston, TX 77041 | $    4,513.43 |

C.      **Defendants**

5.      Defendant Watson Valve Services, Inc. ("WV") is a domestic corporation that maintains its principal place of business at 4525 Gessner Road, Houston, Texas 77041. WV may be served with citation and a copy of Plaintiffs' Original Petition by serving its registered agent, to wit:

**John M. Watson**
**4525 Gessner Road**
**Houston, Texas 77041**
**or wherever he may be found**

*Issuance of citation is requested at this time.*

6.      Defendant Watson Grinding and Manufacturing Co. ("WGM") is a domestic corporation, company or organization that maintains its principal place of business at 4525 Gessner Road, Houston, Texas 77041. WGM may be served with citation and a copy of Plaintiffs' Original Petition by serving its registered agent, to wit:

**John M. Watson**
**4525 Gessner Road**
**Houston, Texas 77041**
**or wherever he may be found**

*Issuance of citation is requested at this time.*

7.      Defendant KMHJ, Ltd is a domestic limited partnership doing business in the State of Texas. KMHJ, Ltd. may be served with citation and a copy of Plaintiffs' Original Petition by serving its registered agent, to wit:

**KMHJ Management Company, LLC**
**1400 McKinney Street, Suite 1212**
**Houston, Texas 77010**

*Issuance of citation is requested at this time.*

8.      Defendant KMHJ Management Company, LLC is a domestic limited liability

Certified Document Number: 91115980 - Page 4 of 11

company doing business in the State of Texas. KMHJ Management Company, LLC may be served with citation and a copy of Plaintiffs' Original Petition by serving its registered agent, to wit:

**Kelly Lee Watson**
**1400 McKinney Street, Suite 1212**
**Houston, Texas 77010**
**or wherever she may be found**

*Issuance of citation is requested at this time.*

9.      Defendant Western International Gas & Cylinders, Inc. ("Western Gas") is a domestic corporation doing business in the State of Texas. Western Gas may be served with citation and Plaintiffs' Original Petition by serving its registered agent, to wit:

**Denise C. Haugen**
**7173 Highway 159 E.**
**Bellville, Texas 77418**
**or wherever she may be found**

*Issuance of citation is requested at this time.*

10.      Defendant Matheson Tri-Gas, Inc. ("Matheson") is a foreign corporation doing business in the State of Texas. Matheson may be served with citation and a copy of Plaintiffs' Original Petition by serving its registered agent, to wit:

**CT Corporation**
**1999 Bryan Street, Ste. 900**
**Dallas, Texas 75201**

*Issuance of citation is requested at this time.*

## JURISDICTION AND VENUE

11.      The Court has subject-matter jurisdiction over this dispute because the aggregate amount in controversy for each plaintiff exceeds the Court's minimum jurisdictional limits.

12.      The Court has personal jurisdiction over all defendants because they are domestic corporations, partnerships and/or business organizations or, alternatively, they are foreign

Certified Document Number: 91115980 - Page 5 of 11

corporations, partnerships and/or business organizations that maintained sufficient contacts in and with Texas to satisfy traditional notions of fair play and substantial justice.

13.    Venue is proper in this Court because all or substantially all of the acts and/or omissions giving rise to Plaintiffs' claims occurred in Harris County, Texas.

## BRIEF STATEMENT OF FACTS

14.    On or about Friday, January 24, 2020, at approximately 4:25 a.m., a massive explosion occurred at a manufacturing plant located at 4525 Gessner, Houston, Texas 77041 (the "Facility"). The Facility consisted of several buildings spread over approximately 4 acres.

15.    Upon information and belief, WV and WGM were tenants that operated several manufacturing processes at the Facility. WV was primarily engaged in the business of manufacturing industrial valves for the mining business. WGM was primarily engaged in other manufacturing processes and maintenance on oil field and mining equipment.

16.    The property and improvements attached thereon at the Facility were owned, operated, maintained and supervised by defendants KMHJ, Ltd. and KMHJ Management Company.

17.    The epicenter of the explosion was centered at a building commonly referred to as the "coatings building." The coatings building housed several cells or bays with each bay containing a robotic arm. The robotic arm ignited propylene to heat the coatings material before being applied to the valves.

18.    Propylene is a highly flammable gas with an extremely low "lower explosive limit" that makes using the gas extremely dangerous. The Facility was equipped with a 2,000-gallon propylene tank that was located on the south side of the property. WV and/or WGM used a system of high-pressure piping and valves to move the propylene from the storage tank to the coatings

Certified Document Number: 9111598O - Page 6 of 11

building. Upon information and belief, the valves for the propylene high-pressure piping were left in the open (flow) position the night before the explosion rather than being closed per WV's and/or WGM's end-of-shift shutdown procedures.

19.     Western Gas and/or Matheson were responsible for selling, delivering and loading the propylene to the 2,000-gallon storage tank. Upon information and belief, Western Gas and/or Matheson also monitored the gas levels inside the storage tank and received notification when there was a low level of propylene inside the storage tank.

20.     The explosion was caused by propylene leak at or inside the coatings building. Upon information and belief, propylene leaked into the coatings building overnight and was ignited after an employee entered the building shortly before the explosion.

21.     It was reported that the blast was heard and felt for over 30 miles. Sadly, the explosion killed several people and injured many other residents living around the Facility. The explosion damaged hundreds of homes, commercial buildings and other structures.

22.     Plaintiffs are property insurers that insured homes and commercial buildings that were damaged by the explosion. After the explosion, Plaintiffs' insureds submitted first-party claims for the damages caused by the explosion. Most Plaintiffs insured several properties that were damaged by the explosion and received multiple first-party claims. The first-party claims have been adjusted or continue to be adjusted and Plaintiffs' have paid to or on behalf of their insureds money to repair the damages. Plaintiffs' insurance policies provide that, upon payment of a covered loss, that the insureds' rights and causes of action against any responsible party are transferred to Plaintiffs. Thus, after making payments for a covered loss, Plaintiffs are contractually subrogated to the rights of their insureds.

23.     Alternatively, Plaintiffs satisfied a debt (property damage) that was owed to its

Certified Document Number: 91115980 - Page 7 of 11

**Plaintiffs' Original Petition and Request for Disclosure**
*National Lloyds Insurance Company, et al. v. Watson Valve Services, Inc. et al.*                    **Page 7 of 11**

insureds by third-parties. Upon satisfaction of that debt, Plaintiffs are equitably subrogated to the rights and causes of action of their insureds.

**CAUSES OF ACTION**

**A.     Count One: Negligence of WV and WGM**

24.     WV and WGM; their employees, agents and servants owed Plaintiffs the same duty of care that a reasonably prudent owner and operator of an industrial valve manufacturing and maintenance company that maintained and stored extremely dangerous propylene would owe to neighboring property owners. WV and WGM breached their duty of care in one or more of the following manners:

   a.    Failing to properly inspect and maintain the propylene piping, when such inspections and maintenance would have corrected and repaired any leaks;

   b.    Failing to have an adequate leak detection system for the 2,000-gallon propylene tank that would have alerted employees and the surrounding residents about the existence of a propylene leak;

   c.    Failing to employ appropriate and safe shutdown procedure, where such procedures would have stopped the flow of propylene during non-working hours;

   d.    Failing to adequately and properly repair any pre-existing leaks;

   e.    Failing to properly inspect and maintain the coatings robots and all associated propylene piping located inside the coatings building—including piping segments that experienced a history of leaks—when such inspections and maintenance would have prevented leaks from occurring;

   f.    Failing to have a properly operating lower explosive limit detection system that would have detected the leaking propylene; and

   g.    Other acts of negligence that will be more fully identified during the course of discovery.

25.     Each of the foregoing acts and/or omissions, whether taken singularly or in any combination, constituted a breach of WV's and WGM's duty of care. WV's and WGM's breach were a proximate cause of Plaintiffs' damages.

Certified Document Number: 91115980 - Page 8 of 11

**B.**      **Count Two: Negligence of KMHJ, Ltd. and KMHJ Management Company**

26.      Defendants KMHJ, Ltd and KMHJ Management Company (collectively referred to here as "KMHJ") owed Plaintiffs the same duty of care as a reasonably prudent owner of an industrial property that used, stored and maintained a highly combustible gas such as propylene would owe to neighboring property owners. Upon information and belief, KMHJ knew or should have known that its tenants (WV and WGM) were operating a propylene gas piping system that was in poor condition, had sustained several leaks and had an inoperative low explosive limit detection system. KMHJ's failure to act as a reasonably prudent property owner was a proximate cause of Plaintiffs' damages.

**C.**      **Count Three: Negligence of Western Gas and Matheson**

27.      Defendants Western Gas and Matheson (collectively referred to here as "Western Gas") owed Plaintiffs the same duty of care that a reasonably prudent propylene retailer and supplier would owe to neighboring property owners nearby premises it serviced. Western Gas breached its duty of care in one or more of the following manners:

   a.      Failing to properly monitor the propylene storage tank at the Facility;

   b.      Continuing to supply propylene gas to WV and/or WGM when it knew or should have known that the propylene piping system was unsafe and had experienced leaks;

   c.      Continuing to supply propylene gas to WV and/or WGM when it knew or should have known that the propylene system was not equipped with a lower explosive limit leak detection system with a functioning auditory alarm;

   d.      Continuing to supply propylene gas to WV and/or WGM when it knew or should have known that the coatings building was not compliant with the National Electric Code and/or the National Fuel Gas Code for buildings that use flammable gases and liquids; and

   e.      Other acts of negligence that will be more fully identified and described during the course of discovery.

28.     Each of the foregoing acts and/or omissions, whether taken singularly or in any combination, constituted a breach of Western Gas's duty of care. Western Gas's breach of care was a proximate cause of Plaintiffs' damages.

## DAMAGES

29.     As a direct and proximate result of the foregoing acts and/or omissions, Plaintiffs sustained damages for:

a.      Costs to repair structural damages to homes;

b.      Costs to repair and/or actual value of damaged household personal property;

c.      Costs of court; and

d.      Pre- and post-judgment interest.

30.     Plaintiffs' damages paid to-date are in excess of $200,000, and based on applicable reserves and estimates of damage resulting from the subject loss are expected to be approximately $600,000.00.

## NOTICE UNDER TEXAS RULE OF CIVIL PROCEDURE 193.7

31.     Pursuant to Texas Rule of Civil Procedure 193.7, Defendants are notified that any documents produced in response to written discovery will be used in pretrial proceedings and trial and will be deemed authentic unless Defendants make a valid objection to authenticity.

## RULE 194 REQUEST FOR DISCLOSURE

32.     Pursuant to Texas Rule of Civil Procedure 194.1, et seq., Defendants are requested to provide the information and material described in Texas Rule of Civil Procedure 194.2 within 50 days of service of Plaintiffs' Original Petition.

## JURY DEMAND

33.     Plaintiffs request trial by jury and have tendered the appropriate jury fee.

## PRAYER

FORE THESE REASONS, Plaintiffs request that citation be issued and Defendants be made to appear herein and, after a jury trial of the merits, that a final judgment be entered in favor of Plaintiffs against Defendants, jointly and severally, for Plaintiffs' actual damages, costs of court, prejudgment interest and post-judgment interest and for all other relief for which Plaintiffs may be justly entitled to.

Respectfully submitted,

DOYEN SEBESTA & POELMA, LLLP

By:     */s/ Randall J. Poelma, Jr.*
        RANDALL J. POELMA, JR.
        SBN: 24047823
        WILLIAM T. SEBESTA
        SBN: 00784941
        4 CityNorth
        16945 Northchase Drive, Suite 1400
        Houston, TX 77060
        Phone: (713) 580-8900
        Fax: (713) 580-8910

        **ATTORNEYS FOR PLAINTIFFS
        NATIONAL LLOYDS INSURANCE
        COMPANY, AmGUARD INSURANCE
        COMPANY and AEGIS SECURITY
        INSURANCE COMPANY**

Certified Document Number: 91115980 - Page 11 of 11



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 30, 2020

Certified Document Number:        91115980 Total Pages:  11

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**